Matter of Dennimnicole H.-C. (Dionna C.) (2025 NY Slip Op 02506)

Matter of Dennimnicole H.-C. (Dionna C.)

2025 NY Slip Op 02506

Decided on April 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, GREENWOOD, NOWAK, AND HANNAH, JJ.

369 CAF 23-01838

[*1]IN THE MATTER OF DENNIMNICOLE H.-C. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; DIONNA C., RESPONDENT-APPELLANT. 

DAVID J. PAJAK, ALDEN, FOR RESPONDENT-APPELLANT.
LINDSEY PASTUSZYNSKI, BUFFALO, FOR PETITIONER-RESPONDENT.
DAVID C. SCHOPP, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (RUSSELL E. FOX OF COUNSEL), ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Erie County (Kelly A. Brinkworth, J.), entered October 6, 2023, in a proceeding pursuant to Family Court Act article 10. The order, inter alia, determined that respondent had neglected the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent mother appeals from an order of fact-finding and disposition that, inter alia, adjudged that she neglected the subject child. We affirm.
After an acquaintance drove the mother and her then two-year-old child to a grocery store in a car without a car seat, the mother left the child in the car with the acquaintance while she attempted to shoplift approximately $700 worth of groceries. The mother, who had outstanding warrants, was detained by police officers but was released on an appearance ticket as the officers were unable to run a warrant check. The mother did not have any identification, money, or debit or credit cards on her person at the time she was detained by police.
A neglected child is defined, in relevant part, as a child less than 18 years of age "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of [the child's] parent . . . to exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship, by unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof . . ." (Family Ct Act § 1012 [f] [i] [B]). "The statute thus imposes two requirements for a finding of neglect, which must be established by a preponderance of the evidence" (Matter of Afton C. [James C.], 17 NY3d 1, 9 [2011]; see Family Ct Act § 1046 [b] [i]). "First, there must be 'proof of actual (or imminent danger of) physical, emotional or mental impairment to the child' " and "[s]econd, any impairment, actual or imminent, must be a consequence of the parent's failure to exercise a minimum degree of parental care" (Afton C., 17 NY3d at 9, quoting Nicholson v Scoppetta, 3 NY3d 357, 369 [2004]; see Family Ct Act § 1012 [f] [i]).
"In order for danger [of impairment to the child] to be 'imminent,' it must be 'near or impending, not merely possible' . . . Further, there must be a 'causal connection between the basis for the neglect petition and the circumstances that allegedly produce the . . . imminent danger of impairment' . . . This requirement is intended to 'focus [neglect proceedings] on serious harm or potential harm to the child, not just on what might be deemed undesirable parental behavior' " (Afton C., 17 NY3d at 9, quoting Nicholson, 3 NY3d at 369; see [*2]Matter of Raven B. [Melissa K.N.], 115 AD3d 1276, 1277-1278 [4th Dept 2014]). Further, "[i]n reviewing a determination of neglect, we must accord great weight and deference to the determination of Family Court, including its drawing of inferences and assessment of credibility, and we should not disturb its determination unless clearly unsupported by the record" (Matter of Shaylee R., 13 AD3d 1106, 1106 [4th Dept 2004]).
Here, contrary to the mother's contention, petitioner established by a preponderance of the evidence that the physical, mental, or emotional condition of the child was in imminent danger of becoming impaired as a result of the mother's failure to exercise a minimum degree of care in providing the child with proper supervision or guardianship (see Family Ct Act § 1012 [f] [i] [B]). The mother transported the child to a grocery store, without a car seat, even though she had outstanding warrants for her arrest and, while shoplifting at the store, she left the child in the care of a relative stranger, whose address she did not know. That the mother was not arrested, potentially leaving the child stranded with a relative stranger, was solely the result of the inability of the police officers to run a warrant check.
To the extent that the mother contends that the child was not at imminent risk of harm because the child was not present for the actual act of shoplifting or the mother's detention and was not screaming, crying, or otherwise acting out, we reject that contention. Indeed, "it is well established that the statutory requirement of imminent danger . . . does not require proof of actual injury . . . , and that [a] single incident where the parent's judgment was strongly impaired and the child exposed to a risk of substantial harm can sustain a finding of neglect" (Raven B., 115 AD3d at 1278 [internal quotation marks omitted]).
We have reviewed the mother's remaining contentions and conclude that none warrants modification or reversal of the order.
Entered: April 25, 2025
Ann Dillon Flynn
Clerk of the Court